BENJAMIN B. WAGNER
United States Attorney
JASON HITT
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone:  (916) 554-2751

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Mag. No. 2:12-mj-0172 GGH |
| | ) | |
| Plaintiff, | ) | STIPULATION AND |
| | ) | ORDER CONTINUING PRELIMINARY |
| v. | ) | HEARING AND EXCLUDING |
| | ) | TIME |
| LAVELLE PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

IT IS HEREBY STIPULATED by and between Assistant United States Attorney Jason Hitt, counsel for the plaintiff United States of America, and defendant Lavelle PHILLIPS, by and through his counsel Douglas Beevers, Esq., that good cause exists to extend the preliminary hearing currently set for August 7, 2012, at 2:00 p.m. to August 14, 2012, pursuant to Federal Rule of Criminal Procedure 5.1(d).

Good cause exists to extend the time for the preliminary hearing within meaning of Rule 5.1(d) because discovery has already been provided to defendant's counsel.  The discovery produced relates to the charge in the Criminal Complaint (involving a firearm) as well as a second alleged incident involving Mr. PHILLIPS

1

that may be the subject of a federal Grand Jury presentation.  The United States has agreed to provide defendant's counsel with additional extensive discovery on the possible drug trafficking case in order for defense counsel to determine whether a negotiated resolution can be reached prior to one or both matters being presented to a federal Grand Jury.  Defendant's counsel will therefore need additional time to review the discovery in both incidents and determine whether a pre-Indictment resolution of the case or cases against the defendant is possible and in the best interests of the defendant.

As a result, the defendant and the United States agree that a continuance of the preliminary hearing date will not prejudice the defendant because a pre-indictment resolution could result in an overall sentencing exposure that is significantly reduced for the defendant or, at a minimum, provide each defendant's counsel time to understand the nature and scope of the evidence in each case in order to prepare an effective defense.

Counsel further stipulate that an exclusion of time from August 7, 2012, to August 14, 2012, is appropriate under the Speedy Trial Act because the United States has already provided pre-Indictment discovery and the defendant's counsel will need substantial time to review that discovery and request any additional discovery items he may need.  As a result, counsel for both parties stipulate that the ends of justice are served by the Court excluding such time and outweigh each defendant's interest in a speedy trial, as well as the public's interest in a speedy trial, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence under

1  18 U.S.C. § 3161(h)(7)(B)(iv).  Therefore, time should be excluded

2  from computation under the Speedy Trial under 18 U.S.C.

3  § 3161(h)(7)(A) (Local Code T4).

4

5  DATED: August 6, 2012                    /s/Jason Hitt
                                            JASON HITT
6                                           Assistant U.S. Attorney

7

8  DATED: August 6, 2012                    /s/Jason Hitt
                                            DOUGLAS BEEVERS, ESQ.
9                                           Counsel for defendant
                                            LAVELLE PHILLIPS
10                                          Authorized to sign for
                                            Mr. Beevers on 08-02-12
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**O R D E R**

Based upon the representations by counsel and the stipulation of the parties, **IT IS HEREBY ORDERED** that:

1.    The Court finds good cause to extend the Preliminary Hearing currently set for August 7, 2012, to August 14, 2012, at 2:00 p.m. pursuant to Federal Rule of Criminal Procedure 5.1(d);

2.    Based upon the above representations and stipulation of the parties, the Court further finds that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, time under the Speedy Trial Act shall be excluded through August 14, 2012, pursuant to 18 U.S.C. § 3161(h)(7)(A) (Local Code T4).

**IT IS SO ORDERED.**

DATED: August 6, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE